OPINION OF THE COURT
George D. Covington, J.
The defendant, Andy Tyler, was arrested on June 2, 1978 for resisting arrest, escape in the third degree and disorderly conduct. The first two charges are class A misdemeanors; the third charge is a violation.
The law in effect at the time of Mr. Tyler’s arrest entitled all defendants arrested in New York City for misdemeanor charges to a preliminary hearing. The relevant statute, CPL 170.75, provided as follows:
"1. A defendant who has been arraigned in the New York City criminal court upon an information, simplified traffic information or prosecutor’s information, which charges a misdemeanor other than one defined in article two hundred *401 twenty-five of the penal law or in the multiple dwelling law, may, before entry of a plea of guilty or commencement of trial, request a hearing to determine whether there is reasonable cause to believe that he committed such misdemeanor.
"2. Upon such request, the court must conduct such hearing in the manner prescribed in section 180.60 for a hearing upon a felony complaint.
"3. At the conclusion of such hearing the defendant is deemed to have moved to dismiss the accusatory instrument, and the court must dispose of such motion as follows:
"(a) If there is reasonable cause to believe that the defendant committed the misdemeanor or a lesser included offense, the court must deny the motion;
"(b) If there is not reasonable cause to believe that the defendant committed the misdemeanor charged or a lesser included offense, the court must grant the motion and must dismiss the accusatory instrument”.
CPL 170.75 was repealed by the State Legislature, effective September 1, 1978 (L 1978, ch 481, § 10).
Defendant’s motion for a preliminary hearing is opposed by the District Attorney who contends that CPL 170.75 is a procedural statute and its repeal should be construed to apply retroactively to the pending proceeding against defendant.
Defendant contends that the right to a preliminary hearing is a substantial right and that such a retroactive application would violate the ex post facto clause contained in article I (§ 10, par 1) of the United States Constitution.
This court holds that the denial of a preliminary hearing to defendant would constitute a violation of the ex post facto clause of the United States Constitution.
The right to a preliminary hearing is a substantial right. The benefits which may accrue to the defendant include the following:
(1) early exposure of weakness in the prosecution case;
(2) laying a groundwork for impeachment of prosecution witnesses at trial;
(3) demonstration of the need or futility of a motion to suppress;
(4) encouraging consideration of the appropriateness of a given plea bargain for prosecution and defense;
(5) providing discovery of the prosecution case;
*402 (6) resulting in early dismissal of unfounded charges and release of improvidently detained defendants;
(7) providing counsel and the court with enough information to decide on the appropriateness of psychiatric examination, narcotics examination, or any of a number of equally important interim decisions that must be made during the course of a criminal prosecution.
(Coleman v Alabama, 399 US 1; People v Wan Shing, 83 Misc 2d 462; People v McClafferty, 73 Misc 2d 666.)
A preliminary hearing is a critical stage in the criminal process and essential to counsel so that he or she may effectively obtain some of the above benefits (Coleman v Alabama, supra).
In People v Wan Shing (supra), the court stated that the right to an early determination that reasonable cause exists, including the concomitant right to cross-examine witnesses and the preservation of their testimony, is "certainly a substantial right”.
Furthermore, any substantial right which was provided to the defendant at the time of the commission of the offense cannot be taken away from him by ex post facto legislation, merely because that legislation is called a law of procedure. (Kring v Missouri, 107 US 221.)
Accordingly, defendant’s motion for a preliminary hearing is granted.